Emporium Water Company v. Commissioner.
Emporium Water Co. v. Commissioner
Docket No. 34569.
United States Tax Court
1953 Tax Ct. Memo LEXIS 300; 12 T.C.M. (CCH) 393; T.C.M. (RIA) 53122; April 13, 1953
*300 Edwin W. Tompkins, Esq., for the petitioner. John J. Hopkins, Esq., and George Rabil, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $573.50 in income tax of the petitioner for 1944. The petitioner alleges that the Commissioner erred in disallowing a deduction representing an addition to a reserve for cleaning water mains and in disallowing a deduction for depreciation. Findings of Fact The petitioner, a Pennsylvania corporation, filed its return for 1944 with the collector of internal revenue for the Twenty-third District of Pennsylvania. The petitioner kept its books and filed its returns on an accrual basis of accounting. The petitioner has been in the business of furnishing water to consumers in the vicinity of Emporium, Cameron County, Pennsylvania, at least since 1918. The water mains of the petitioner become incrusted, tuberculated and pitted on their inner surfaces as water is run through them in the business of the petitioner. This reduces the efficiency of the pipes and may reduce the water pressure at any point. The petitioner cleaned its water mains in 1937 at a cost of approximately *301 $16,000. It charged off that cost by taking deductions of portions of it over a five year period. It also spent an undisclosed amount in cleaning mains in 1943. That cost is not in controversy. The petitioner in 1942, after the cost of cleaning mains in 1937 had been fully amortized, set up a reserve by charging to annual expenses an amount estimated to cover the expense of cleaning its mains. It anticipated that incrustation, tuberculation and pitting of its mains would occur more rapidly after the 1937 cleaning without relining of those mains than had formerly been its experience. It is impractical to clean the mains annually. The petitioner did not expend any money in cleaning its mains in 1944, did not enter into any contract or agreement of any kind in that year for the cleaning of its mains and has not expended any money in cleaning its mains since that time up to the time of the hearing on November 12, 1952. The Commissioner, in determining the deficiency, disallowed a deduction of $2,200 as "Estimated cost of cleaning mains" and explained that that amount which had been deducted on the return for 1944 "representing a portion of the estimated future cost of cleaning the *302 incrustation from your distribution mains, does not constitute an allowable deduction for income tax purposes for that year." The petitioner took deductions for depreciation and added them to a reserve for depreciation in each of the years 1920 through 1951. The deduction taken in 1944 was $6,027.65, computed as follows: SCHEDULE OF FIXED CAPITAL DEPRECIATION FOR THE YEAR 1944
Description
Amount
Additions
Rate %
Additions
Full Year
Total
Since January 1, 1918
Dam Construction
$23,757.87
1 1/3%
$ 316.77
$ 316.77
Springs and Wells
1,491.60
1 1/3%
19.89
19.89
Purification System
1,894.34
$ 429.22
10%
$ 21.46
232.36
253.82
Pump Station
261.20
10%
26.12
26.12 Pumps and Equipment
8,917.76
10%
891.78
891.78
Transmission Mains
24,120.25
1 1/2%
361.80
361.80
Reservoirs
8,179.06
1 1/3%
109.05
109.05
Distribution Mains
25,581.65
1,022.65
1 1/2%
76.70
399.08
475.78
Service Pipes and Stps.
20,125.67
1,248.01
3%
18.72
641.21
659.93
Hydrants
1,320.19
97.69
3%
1.47
42.54
44.01
Meters
15,281.39
140.75
3%
2.11
462.66
464.77
Office Structures
8,321.24
3%
249.64
249.64
General Structures
3,030.24
3%
90.91
90.91
Office Equipment
1,523.69
8%
121.89
121.89
General Equipment
5,108.09
10%
510.81
510.81
Engineering Construct'
494.33
1 1/3%
6.59
6.59
$120.46
$4,483.10
$4,603.56
Prior to December 31, 1917
Reservoirs
22,895.03
1 1/3%
$ 305.27
Mains
74,249.72
1 1/2%
1,113.75
Wells and Springs
380.32
1 1/3%
5.07
$1,424.09
Total Depreciation
$6,027.65
*303 The Commissioner, in determining the deficiency, disallowed $65.45 as "Excessive depreciation" with the explanation that "Your allowable deduction for depreciation for the year 1944 was $5,962.20." The record does not show how he arrived at that determination or that a reasonable allowance for depreciation of the depreciable properties of the petitioner for 1944 was in excess of $5,962.20. Opinion MURDOCK, Judge: The petitioner contends that the $2,200 item was a proper deduction as an addition in 1944 to a reserve for the estimated future cost of cleaning its mains. It did not incur any such expense in 1944 and furthermore, it has not incurred any such expense since 1944, so far as this record shows. The fact that the condition in the mains gradually gets worse with use is no justification for the accrual of the anticipated expense of cleaning the mains where no expense has been incurred in the taxable year. The necessity of cleaning can not be the subject of an accrual but only the fixed obligation to pay someone for doing the work. The item is not an allowable deduction for 1944 under any provision of the , *304 affirmed ; ; ; , affirmed per curiam ; ; Cf. Ralph L. Patsch, 19 T.C. (Nov. 10, 1952). The petitioner contends that the Commissioner erred in disallowing the $65.45 as excessive depreciation. He says in his brief in support of that contention: "Altho the computation for the Corporation for the year 1944 is correct, the final figures are in error because of the basis of computation insisted upon by the Commissioner, and the Commissioner's failure to consider certain local factors involved in the Corporation's depreciation base. "Question No. 2 for decision is: Is the Commissioner right in insisting on the unit basis for depreciation, disregarding local depreciation factors affecting the Corporation, or should the taxpayer be permitted to revert to its base of composite depreciation which includes local depreciation factors?" The evidence does not show that the Commissioner disregarded any local depreciation factors *305 affecting the corporation. The meager evidence is wholly inadequate to justify the Court in disturbing the Commissioner's determination. Decision will be entered for the respondent.